DIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROHITKUMAR DESAI,**<br>   **Plaintiff,**<br>v.<br>**SARGENT & LUNDY, L.L.C.,**<br>   **Defendant.** | **FILED: JUNE 12, 2008**<br>No.   **08CV3398**<br>**JUDGE NORGLE**<br>**MAGISTRATE JUDGE ASHMAN**<br>**AEE**<br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, ROHITKUMAR DESAI, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, SARGENT & LUNDY, L.L.C., states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, ROHITKUMAR DESAI, is a sixty-eight (68) year-old citizen of the United States who resides in Illinois.

5. Defendant, SARGENT & LUNDY, L.L.C., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on May 28, 2008, which Plaintiff received on June 5, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – ADEA - AGE DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant as an Electrical Engineer in March 1996, following a career of over thirty (30) years experience as an electrical engineer.

9. Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, promotion, raises, and complementary e-mails from

supervisors.

10. Defendant has provided Plaintiff's similarly-situated younger co-workers, including newly hired and inexperienced recent engineering graduates, more favorable opportunities and work assignments. Examples of such disparate treatment follow.

11. Defendant assigns its Electrical Engineers to projects. If an Electrical Engineer is not assigned to a project, that individual must either use vacation time or take a leave of absence without pay.

12. Since the latter part of 2006, despite Plaintiff's documented qualifications, experience, and years of dedicated service, Defendant has provided Plaintiff's similarly situated younger and far less experienced co-workers better and more technically complex engineering projects.

13. In contrast to the opportunities provided to these substantially younger individuals, Defendant has often assigned Plaintiff "menial" assignments, including data entry and printing and tiling drawings. Such projects are substantially below Plaintiff's expertise, as evidenced by his title as an Electrical Associate 2 and his qualifications report demonstrating that Plaintiff is capable of performing higher-level projects without any supervision.

14. Further, Defendant has failed to assign Plaintiff to projects for extensive periods of time, requiring Plaintiff to either use vacation time or to take a leave without pay, in addition to eliminating any overtime opportunities. In contrast, Defendant consistently assigns Plaintiff's similarly situated younger co-workers to long term projects.

15. As a result of this discriminatory practice, in 2007 Plaintiff was forced to take approximately one month of vacation and more than one month of unpaid leave.

16. Based on the continuing disparate treatment, beginning in January 2008 Plaintiff

3

began to complain to Defendant's management both verbally and in writing of the preferential treatment provided to his similarly situated younger co-workers.

17. Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

18. In close proximity to his complaints of discrimination, in April 2008 Plaintiff was issued the first negative performance evaluation of his career with Defendant. In contrast to his April 2008 evaluation, Plaintiff's previous appraisals consistently rated him as either meeting or exceeding expectations.

19. Further, following his complaints, Plaintiff was still required to use vacation time following Defendant's failure to assign him to a long term project.

20. Any reasons proffered by Defendant for failing to assign Plaintiff to projects and requiring Plaintiff to use vacation time or leave without pay are pretext for discriminating against Plaintiff on the basis of his age, sixty-eight (68).

21. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, sixty-eight (68), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

22. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ROHITKUMAR DESAI, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

        appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

C.    Order Defendant to make whole ROHITKUMAR DESAI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to ROHITKUMAR DESAI;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ADEA - RETALIATION

23.    Paragraphs one (1) through fifteen (15) are incorporated by reference as if fully set out herein.

24.    Based on the continuing disparate treatment, beginning in January 2008 Plaintiff began to complain to Defendant's management both verbally and in writing of the preferential treatment provided to his similarly situated younger co-workers.

25.    Plaintiff engaged in statutorily protected conduct under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., based on his opposition to and reporting of Defendant's discriminatory conduct directed against him because of his age.

26.    Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

27. In close proximity to his complaints of discrimination, in April 2008 Plaintiff was issued the first negative evaluation of his career with Defendant. In contrast to his April 2008 evaluation, Plaintiff's previous appraisals consistently rated him as either meeting or exceeding expectations.

28. Further, following his complaints, Plaintiff was still required to use vacation time following Defendant's failure to assign him to a long term project.

29. Any reasons proffered by Defendant for failing to assign Plaintiff to projects and requiring Plaintiff to use vacation time or leave without pay are pretext for retaliating against Plaintiff because of his complaints of age discrimination.

30. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621 et seq.

31. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROHITKUMAR DESAI, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an

        unlawful employment practice;

C.    Order Defendant to make whole ROHITKUMAR DESAI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to ROHITKUMAR DESAI;

E.    Grant Plaintiff actual, consequential, compensatory, liquidated and any other damages the Court may deem appropriate against Defendant;

F.    Grant Plaintiff his attorney fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

32.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

        Respectfully submitted,
        ROHITKUMAR DESAI, Plaintiff,


        By:  s/Lisa Kane
               Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, ROHITKUMAR DESAI, declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2008.

_____
ROHITKUMAR DESAI

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Rohitkumar M. Desai<br>118 E. Highland Avenue<br>Mount Prospect, IL 60056 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

Certified Mail 7001 1940 0003 8825 4167

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-05807 | Jacquelyn C. Gandy,<br>Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe* — 5/28/2008

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc: **SARGENT & LUNDY**

RECEIVED JUN -5 2008