IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROHITKUMAR DESAI ) | |
| ) | Case No. 08 CV 3398 |
| Plaintiff, ) | |
| ) | Judge: Charles R. Norgle |
| v. ) | |
| ) | Mag. Judge: Martin C. Ashman |
| SARGENT & LUNDY, LLC ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Sargent & Lundy, LLC., by its attorneys, Sangerman & Gilfillan, P.C., answers the Complaint as follows:

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

ANSWER:    Admits this is an ADEA action but denies Plaintiff is entitled to any relief under ADEA.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343(a)(3) and (4) and 28 U.S.C. §1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. §621 et. seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

ANSWER:    Admits that the Court has personal jurisdiction over the parties but denies that it has subject matter jurisdiction or that Plaintiff is entitled to relief.

3. Venue is proper under 28 U.S.C. §§1391(b)(1) and (2).

ANSWER:    Admits the allegations.

4.      Plaintiff, ROHITKUMAR DESAI, is a sixty-eight (68) year old citizen of the United States who resides in Illinois.

ANSWER:    Admits Plaintiff is age 68 but lacks information on his citizenship status.

5.      Defendant, SARGENT & LUNDY, L.L.C., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

ANSWER:    Admits the allegations.

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on May 28, 2008, which Plaintiff received on June 5, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

ANSWER:    Admits the allegations.

## COUNT I - ADEA - AGE DISCRIMINATION

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out.

ANSWER:    The answers to paragraphs 1-6 are incorporated by reference.

8.      Plaintiff began working for Defendant as an Electrical Engineer in March 1996, following a career of over thirty (30) years experience as an electrical engineer.

ANSWER:    Admits that Plaintiff has worked for Defendant as an electrical engineer but lacks information on his past experience and denies the remaining allegations.

9.      Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, promotion, raises, and complementary e-mails

2

ANSWER: Denies the allegations.

10. Defendant has provided Plaintiff's similarly-situated younger co-workers, including newly hired and inexperienced recent engineering graduates, more favorable opportunities and work assignments. Examples of such disparate treatment follow.

ANSWER: Denies the allegations.

11. Defendant assigns its Electrical Engineers to projects. If an Electrical Engineer is not assigned to a project, that individual must either use vacation time or take a leave of absence without pay.

ANSWER: Denies the allegations.

12. Since the latter part of 2006, despite Plaintiff's documented qualifications, experience, and years of dedicated service, Defendant has provided Plaintiff's similarly situated younger and far less experienced co-workers better and more technically complex engineering projects.

ANSWER: Denies the allegations and states further that some assignments went to younger engineers based on their capabilities.

13. In contrast to the opportunities provided to these substantially younger individuals, Defendant has often assigned Plaintiff "menial" assignments, including data entry and printing and tiling drawings. Such projects are substantially below Plaintiff's expertise, as evidenced by his title as an Electrical Associate 2 and his qualifications report demonstrating that Plaintiff is capable of performing higher-level projects without any supervision.

ANSWER: Denies the allegations.

14. Further, Defendant has failed to assign Plaintiff to projects for extensive periods of time, requiring Plaintiff to either use vacation time or to take a leave without pay, in addition to

eliminating any overtime opportunities. In contrast, Defendant consistently assigns Plaintiff's similarly situated younger co-workers to long term projects.

ANSWER:   Denies the allegations.

15.   As a result of this discriminatory practice, in 2007 Plaintiff was forced to take approximately one month of vacation and more than one month of unpaid leave.

ANSWER:   Denies the allegations.

16.   Based on the continuing disparate treatment, beginning in January 2008 Plaintiff began to complain to Defendant's management both verbally and in writing of the preferential treatment provided to his similarly situated younger co-workers.

ANSWER:   Denies the allegations.

17.   Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

ANSWER:   Denies the allegations.

18.   In close proximity to his complaints of discrimination, in April 2008 Plaintiff was issued the first negative performance evaluation of his career with Defendant. In contrast to his April 2008 evaluation, Plaintiff's previous appraisals consistently rated him as either meeting or exceeding expectations.

ANSWER:   Denies the allegations.

19.   Further, following his complaints, Plaintiff was still required to use vacation time following Defendant's failure to assign him to a long term project.

ANSWER:   Denies the allegations.

20.   Any reasons proffered by Defendant for failing to assign Plaintiff to projects and

requiring Plaintiff to use vacation time or leave without pay are pretext for discriminating against Plaintiff on the basis of his age, sixty-eight (68).

ANSWER: Denies the allegations.

21. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, sixty-eight (68), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

ANSWER: Denies the allegations.

22. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

ANSWER: Denies the allegations.

## COUNT II - ADEA- RETALIATION

23. Paragraphs one (1) through fifteen (15) are incorporated by reference as if fully set out herein.

ANSWER: The answers to paragraphs 1-15 are incorporated by reference.

24. Based on the continuing disparate treatment, beginning in January 2008 Plaintiff began to complain to Defendant's management both verbally and in writing of the preferential treatment provided to his similarly situated younger co-workers.

ANSWER: Denies the allegations.

25. Plaintiff engaged in statutorily protected conduct under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., based on his opposition to and reporting of Defendant's discriminatory conduct directed against him because of his age.

ANSWER: Denies the allegations.

26.     Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

ANSWER:     Denies the allegations.

27.     In close proximity to his complaints of discrimination, in April 2008 Plaintiff wasissued the first negative evaluation of his career with Defendant.  In contrast to his April 2008 evaluation, Plaintiff's previous appraisals consistently rated him as either meeting or exceeding expectations.

ANSWER:     Denies the allegations.

28.     Further, following his complaints, Plaintiff was still required to use vacation time following Defendant's failure to assign him to a long term project.

ANSWER:     Denies the allegations.

29.     Any reasons proffered by Defendant for failing to assign Plaintiff to projects and requiring Plaintiff to use vacation time or leave without pay are pretext for retaliating against Plaintiff because of his complaints of age discrimination.

ANSWER:     Denies the allegations.

30.     The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621 et seq.

ANSWER:     Denies the allegations.

31.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

ANSWER:     Denies the allegations.

# AFFIRMATIVE DEFENSES

32. The Court lacks subject matter jurisdiction under 29 U.S.C. §626(d) because the Complaint was filed prior to 60 days from the filing of the charge with the EEOC.

33. To the extent that the Complaint alleges conduct that predates 300 days from the filing of the charge with the EEOC, Plaintiff's claims are barred for failure to exhaust administrative remedies.

WHEREFORE, Defendant requests that the complaint be dismissed and that its costs be assessed against Plaintiff.

                              ____s/ Harry Sangerman_____
                              Harry Sangerman, Attorney for
                              Sargent & Lundy, LLC


Sangerman & Gilfillan, P.C.
1854 N. Burling Street
Suite 300
Chicago, Illinois  60614
(312) 867-1234

Dated:  July 3, 2008

# CERTIFICATE OF SERVICE

One copy of the foregoing Answer was served this 3rd day of July by regular U.S. Mail on:

    Ms. Lisa Kane
    Lisa Kane & Associates, P.C.
    120 South LaSalle Street, Suite 1420
    Chicago, IL  60603


                ____s/ Harry Sangerman____
                    Harry Sangerman